# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:10 CR 15

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| BILLY JACK HICKS. | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this court on November 24, 2010. It appearing to the court at the call of this matter on for hearing the defendant was present with his attorney, Kris Williams and the government was present and represented through Assistant United States Attorney Donald Gast. From the arguments of counsel for the defendant and the arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings.** On August 3, 2010 a bill of indictment was issued charging the defendant with being in possession of a firearm in and affecting interstate commerce which defendant was an unlawful user of or addicted to a controlled substance, in violation of 18 U.S.C. § 922(g)(3). On November 24, 2010 the undersigned held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and accepted a plea of guilty of the defendant to that charge. At the end of the Rule 11 proceeding, this court presented the issue of whether or not the defendant should now be detained,

pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

    (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears the defendant has now entered a plea of guilty on November 24, 2010 to the crime of possessing a firearm in and affecting interstate commerce while he was an unlawful user of and addicted to a controlled substance, in violation of 18 U.S.C. § 922(g)(3). 18 U.S.C. § 3142(f)(1)(A) lists "a crime of violence" as being one of the offenses that is included within the prohibited classification. In <u>U.S. vs Ditrapano</u>, 2000 WL 1805848 (S.D.W.Va., 2006)[1] the district court found that a violation of 18 U.S.C. § 922(g)(3) constitutes a crime of violence. In <u>U.S. vs. Clifton</u>, 2007 WL 2688648 (W.D.N.C.,

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

2007)[2] Chief United States District Judge Robert J. Conrad, Jr. stated as follows: "If Congress had intended to resolve the split among the circuits about whether a § 922(g) offense is a 'crime of violence' for the purposes of the Bail Reform Act, it could have easily have done so by amending the definition of 'crime of violence'." Counsel for defendant has strenuously argued that a violation of 18 U.S.C. § 922(g)(3) is not a crime of violence and has presented case law from other circuits. However, the case law from this circuit shows that the district court considers such an offense as a crime of violence and thus the crime to which defendant is charged is a qualifying offense as set forth under 18 U.S.C. § 3143(a)(2).

The undersigned made an inquiry of Assistant United States Attorney Donald Gast as to whether or not there was going to be a recommendation that no sentence of imprisonment be imposed upon the defendant. Mr. Gast advised the court that such a recommendation could not be made in this matter.

The undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted due to the fact that defendant has entered a plea of guilty. It would appear, and the court is of the opinion that the court is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which require the detention of the defendant.

---

[2] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter.

Signed: December 1, 2010

Dennis L. Howell
United States Magistrate Judge